# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 14, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| SARA OLIVIA CAIN,     * | UNPUBLISHED |
|                                 * | No. 15-325V |
|          Petitioner,   * | |
|                                 * | Special Master Roth |
| v.                                 * | |
|                                 * | Damages Decision Based on Stipulation; |
| SECRETARY OF HEALTH   * | Attorney Fees and Costs; Meningitis |
| AND HUMAN SERVICES,    * | Vaccine; Measles, Mumps, and |
|                                 * | Rubella ("MMR") vaccine; Alopecia |
|          Respondent.   * | |
| * * * * * * * * * * * * * * | |

Peter J. Sarda, Creech Law Firm, Raleigh, NC, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth,** Special Master:

      On March 30, 2015, Sara Olivia Cain filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"], alleging that she developed alopecia as a result of the Meningitis Vaccine, which she received on April 11, 2014, and the Measles, Mumps, and Rubella ("MMR") vaccine, which she received on May 7, 2014. Respondent denies that these vaccines are the cause of petitioner's alleged alopecia or any other injury or condition. Stipulation at ¶ 6.

      On December 11, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

      Respondent agrees to issue the following payments:

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1. A lump sum of $125,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

2. A Jump sum of $ 11,432.03 in the form of a check payable jointly to petitioner and petitioner's attorney, Peter Sarda of the Creech Law Firm, P.A., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. Further, I find that the amount of stipulated fees is reasonable, and thus an award for fees and costs is appropriate pursuant to § 300aa-15(e)(1). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.